986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth R. GOTZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1392.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 10, 1992.
Decided Feb. 24, 1993.
 
 1
 Before POSNER, and RIPPLE, Circuit Judges, and CRABB[1], Chief District Judge.
 
 
 2
 The sole issue raised on this appeal is whether it was clearly erroneous for the district court to find that appellant Kenneth Gotz failed to prove that he was not a responsible person within the meaning of 26 U.S.C. § 6672, required to account for taxes withheld from employees' wages, and that he did not act willfully when he failed to remit the withheld taxes. We conclude that the district court's finding was not erroneous.
 
 
 3
 The case arises out of the Internal Revenue Service's assessment of a penalty against appellant Gotz for his failure to remit taxes withheld from the wages of employees of School Ride, Inc., during the last two quarters of 1985 and the first three quarters of 1986. Gotz paid a portion of the penalty and filed for a refund, which was denied. He then filed suit in the Eastern District of Wisconsin seeking a refund and an abatement of the penalty assessment. The government counterclaimed for the unpaid portion of the assessment and filed third-party claims against Gary M. McHugh and Peter J. Kowalchuk, two other individuals associated with School Ride. The government took default judgments against McHugh and Kowalchuk before trial began. At the conclusion of the trial, the district court entered judgment against Gotz and he appealed. We affirm.
 
 
 4
 The district court found as material fact the following, which we summarize:
 
 
 5
 For the periods including the third quarter of 1985 through the third quarter of 1986 inclusive, School Ride, Inc., reported but did not pay over to the United States the income and Federal Insurance Contributions Act taxes it withheld from its employees. Kenneth Gotz was assessed by the IRS $128,175.30 for this failure. During the periods in issue, Gotz was an owner and the secretary-treasurer of School Ride. He was also its operations manager and possessed and exercised the authority to hire and fire employees. He was an authorized signatory on the company's bank accounts and signed payroll and other accounts payable checks on behalf of the company. In September 1985, when School Ride entered into an installment agreement with the IRS for the payment of unpaid employment taxes incurred prior to the periods in issue, Gotz signed a statement furnished to the IRS indicating that the company had continual cash flow problems and that as of January 1985, he was aware that federal employment tax liabilities were not being paid. Gotz was aware of School Ride's continual employment tax payment problem. His testimony to the contrary was not credible. Gotz's decision not to remit to the government properly withheld funds was willful. It was made in a situation in which Gotz clearly ought to have known that there was a grave risk that withholding taxes were not being paid and in which he was in a position to find out the truth easily.
 
 
 6
 In addition, the district court could have found from the trial testimony that during the time at issue, Gotz received telephone calls from creditors and referred them to the other owners; that he knew the creditors were not getting paid; that on at least one or more occasions, Gotz had signed a check without prior authorization; that the company checkbook was generally accessible to Gotz, although it was located in another building; that at times McHugh had signed checks in blank and left them on the premises; and that McHugh and Kowalchuk were rarely on the business premises.
 
 
 7
 The district court concluded that Gotz was a responsible person within the meaning of 26 U.S.C. § 6672, that is, a "person required to collect, truthfully account for, and pay over any tax imposed by [Title 26]...." Gotz argues that the conclusion is in error because it fails to take into account the evidence showing his minimal involvement in the financial decisions affecting the School Ride corporation. This includes the testimony of Gary McHugh that Gotz's position as secretary-treasurer of the corporation was a mere formality for which Gotz received no additional compensation; testimony that Gotz became a five percent shareholder of the corporation merely as an incentive to continue with the operation of the business, and did not pay any consideration for the stock or receive any dividends or any compensation for the sale of his stock when the company was sold in 1987; and testimony that Gotz had only a high school education and some military training, had had no courses in accounting and had no familiarity with the preparation of profit and loss statements or balance sheets; that he worked out of a trailer physically separated by several hundred feet from the building in which the company's offices were located; and that his main duty was to manage the bus operation, which included the dispatchers, drivers, and safety director. There was additional testimony that Gotz had no involvement in the financial decisionmaking of the company and no authority to determine which creditors should be paid; that although he was a signatory on the company's checking account, he did not have authority to write checks without the prior authorization of either McHugh or Jack Maglio, the company's financial director, and that on many occasions he was asked to sign checks in blank; that he did not have direct access to the checkbook, which was kept in the main office; that he never received or reviewed any financial statements of the company and that he did not have access to bank statements; and that he never signed any federal tax returns for the company or signed or reviewed any employment tax returns. Gotz testified that he had no personal knowledge during the period July 1, 1985 through September 30, 1986, that the company was delinquent in its federal withholding taxes, although he was aware there were outstanding bills and that creditors were not being paid on time during this period. He testified also that he had never had a meeting or interview with Paul Schmidt, an IRS agent, and could not recall how he came to sign the document entitled "Report of Interview with Persons Relative to Recommendation of 100-Percent Penalty Assessments." He testified that he did not fill it out. Jack Maglio testified that he was the one who had filled out the form, although Gotz had signed it. Gotz did not participate in any meetings McHugh and Maglio had with the IRS and had no knowledge of any such meetings.
 
 
 8
 The question is whether, as a matter of law, the evidence cited by Gotz is so strong that no reasonable factfinder could have found as the district court did. We conclude it is not.
 
 
 9
 The burden of proof is on the taxpayer to prove that he is not liable. He must show that he was not in a position to exercise significant control over the disbursement of funds. Adams v. United States, 504 F.2d 73, 75 (7th Cir.1974); Monday v. United States, 421 F.2d 1210, 1214-15 (7th Cir.1970). He must show the absence of such indicia of responsible officer status as ownership of stock, the holding of corporate office, control over disbursement of payroll, authority to sign checks, authority to hire and fire employees, significant control over a corporation's finances, ability to pay creditors instead of the United States and authority to sign tax returns. Wright v. United States, 809 F.2d 425, 427 (7th Cir.1987); Purdy Co. of Ill. v. United States, 814 F.2d 1183, 1187-88 (7th Cir.1987). Gotz argues that he and his witnesses produced evidence showing the nominal nature of his company ownership and his position as secretary-treasurer, and his lack of involvement in the financial workings of the company and that the district judge erred in not giving more credence to the evidence.
 
 
 10
 Gotz points out that the evidence indicating responsible person status was not as strong in his case as it was in the cases cited by the government in support of the lower court's determination. In Gephart v. United States, 818 F.2d 469 (6th Cir.1987), for example, the taxpayer exercised control over day-to-day accounting of the business, signed most of the checks to pay creditors, represented the company in dealings with creditors and made crucial decisions about which creditors would be paid. In Howard v. United States, 711 F.2d 729 (5th Cir.1983), plaintiff had sole check signing authority for a period of time, sometimes determined which of the company's bills were to be paid and on one occasion caused $8000 in back taxes to be paid to the IRS. In Roth v. United States, 779 F.2d 1567 (11th Cir.1986), the taxpayer was an executive vice president who signed payroll checks and had signature authority on all the company's checking accounts. In addition, he was responsible for drawing most of the company's checks on contracts he negotiated.
 
 
 11
 Gotz argues that his situation is much closer to that in Barrett v. United States, 580 F.2d 449, 452-53 (Ct.Cl.1978), in which the court found that mere check signing authority did not support a finding of liability. In that case, however, the court found that the taxpayer had no authority to allocate funds to creditors and that she had no other indicia of a responsible person, including shareholder or executive officer status, authority over payment of salaries or the ability to hire and fire employees. Furthermore, the court found that at times the taxpayer was beaten into following instructions by her husband, the controlling shareholder and executive officer of the company and that she never signed a company check without prior authorization. By contrast, Gotz's own witness testified that at least on some occasions, Gotz signed checks without prior authorization and that blank checks were left around. Gotz relies on several other cases, none of which are decisions of this court and none of which are precisely on point. In Graunke v. United States, 711 F.Supp. (N.D.Ill.1989), the court found that the taxpayer was merely an accountant, despite his nominal position as treasurer and that he did not have sufficient authority over corporate decisionmaking to be held responsible. Unlike Gotz, Graunke had no financial interest in the business and was not involved in its day-to-day operations or responsible for issuing payroll checks. Moreover, he was an employee for only a brief time. In Sherwood v. United States, 246 F.Supp. 502 (E.D.N.Y.1965), a secretary-treasurer with check writing authority who signed the employer's federal tax return was found not to be a responsible person. Again, the case is unlike Gotz's because there was no evidence that Sherwood had an ownership interest, managed the day-to-day operations or hired and fired employees.
 
 
 12
 Gotz's case is a close call. However, the district court was entitled to discount the testimony that it held to be incredible and to conclude that Gotz's hiring and firing authority, managerial role with responsibility for the day-to-day operations of the company, ownership interest, status as secretary-treasurer, responsibility for payroll and the duration of his employment with the company indicated a more significant decisionmaking role and greater authority than what he testified to. It was reasonable for the court to conclude that Gotz was in a position to insist that withheld taxes be paid over to the Internal Revenue Service before other obligations were met. Taken as a whole, the evidence supports the district court's conclusion that Gotz failed to prove he was not a responsible person within the meaning of § 6672.
 
 
 13
 The second part of the inquiry is whether the district court erred in finding that Gotz acted willfully in failing to collect, truthfully account for or pay over employment withholding taxes within the meaning of § 6672. In this context "willfully" means a "voluntary, conscious and intentional decision to prefer other creditors to the United States." Purdy Co. of Ill., 814 F.2d at 1188. A responsible person acts willfully whenever he permits funds of the corporation to be paid to other creditors when he is aware that withholding taxes have not been paid. Slodov v. United States, 436 U.S. 238, 243 (1978).
 
 
 14
 The district court found that Gotz signed the "Report of Interview" on September 5, 1985 and that the report indicated that Gotz had known since January 1985 that the company's withholding tax liabilities had not been paid. Taken together with Gotz's responsibility for signing payroll checks during the period of tax delinquency, this evidence is sufficient to support the finding that Gotz acted willfully. His argument that he signed the form without knowing its contents is to no avail; the district court was entitled to discount this testimony as incredible.
 
 
 15
 Even if Gotz had no actual knowledge of the default in the payment of withholding taxes, as he argues, his conduct satisfies the willfulness standard of § 6672, which requires only a showing of reckless disregard for whether taxes have been paid to the government. Sawyer v. United States, 831 U.S. 755, 758 (7th Cir.1987). "Reckless disregard" is the equivalent of gross negligence and is established if the taxpayer "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and (3) he was in a position to find out for certain very easily." Wright v. United States, 809 F.2d at 427. If Gotz signed the "Report of Interview Held with Person Relative to Recommendation of 100-Percent Penalty Assessments" without looking at its contents, he was sufficiently on notice of a grave risk that the company was delinquent in paying its taxes. The company's prior history of delinquency, Gotz's role in signing payroll checks and the fact that Gotz received calls from creditors seeking payment all reinforce the conclusion that Gotz should have known that withholding taxes were not being paid. Furthermore, Gotz was in a position to ask for or to investigate the financial records.
 
 
 16
 The district court did not err in finding that Gotz had acted willfully. Its determination that Gotz is liable for the 100% civil penalty provided under 26 U.S.C. § 6672 for his failure to remit withheld taxes is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The Hon. Barbara B. Crabb, Chief Judge for the Western District of Wisconsin, is sitting by designation